**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| C & A SCIENTIFIC CO., INC.,<br>*Plaintiff,*<br>v.<br>UNITED STATES,<br>*Defendant.* | Court No. 22-00328 |

**COMPLAINT**

1. This federal case is about an obvious mistake on invoices that U.S. Customs and Border Protection refused to recognize.

2. C & A Scientific Co., Inc. (CAS) imported flocked nylon swabs with plastic shafts during the COVID-19 pandemic.

3. CAS's customers in the United States ordered flocked nylon swabs from CAS.

4. CAS's customers in the United States comprised various medical providers that needed flocked nylon swabs for COVID testing, among other applications, which requires the use of synthetic fiber swabs with plastic or wire shafts. *See* Centers for Disease Control and Prevention, *Interim Guidelines for Collecting and Handling of Clinical Specimens for COVID-19 Testing*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/lab/guidelines-clinical-specimens.html [perma.cc/U6DR-XZST] (last updated July 15, 2022).

5. CAS's purchase orders to its supplier described the swabs as flocked nylon.

6. CAS was charged by, and paid to, its supplier the premium price associated with flocked nylon swabs.

7. CAS charged its customers in the United States the premium price associated with flocked nylon swabs.

8. None of CAS's customers in the United States rejected their orders of flocked nylon swabs.

9. But CAS's supplier mistakenly described the subject swabs as "cotton," rather than "flocked nylon," on its invoices to CAS.

10. CAS entered the subject swabs through 22 entries made at the port of Long Beach, California, between September 8, 2020, and February 10, 2021 (the subject entries).

11. At entry, CAS classified the subject swabs under subheading 3926.90.9985, Harmonized Tariff Schedule of the United States (HTSUS), which at the time covered "Other articles of plastics …: Other: Other: Other," dutiable at 5.3 percent *ad valorem*, as well as under subheading 9903.88.15, HTSUS, which imposes a duty of 7.5 percent *ad valorem* on goods of Chinese origin classifiable under subheading 3926.90.9985 pursuant to Section 301 of the Trade Act of 1974. *See, e.g.*, NY N314495 (Sept. 17, 2020) (classifying a swab with a plastic handle and flocked tip "made of nylon fibers" under subheading 3926.90.9985, HTSUS).

12. Because CAS's supplier erroneously described the subject swabs as cotton on invoices, Customs liquidated the subject swabs under subheading 5601.21.0090, HTSUS, as "[w]adding of textile materials and articles thereof … : Of cotton: Other," dutiable at 3.6 percent *ad valorem*, as well as under subheading 9903.88.03, HTSUS, which imposes a duty of 25 percent *ad valorem* on goods of Chinese origin classifiable under subheading 5601.21.0090 pursuant to Section 301 of the Trade Act of 1974.

13. CAS timely protested the liquidation of the subject entries within 180 days of liquidation.

14. Through the subject protest, CAS sought reclassification of the subject swabs under subheadings 3926.90.9985 and 9903.88.15, HTSUS.

15. Customs denied the subject protest on May 31, 2022, on the ground that there were insufficient documents provided to "allow CBP to believe the swabs that were imported … were actually constructed of flocked nylon and not cotton."

16. On August 29, 2022, CAS filed a request to void the subject protest's denial under 19 U.S.C. § 1515(d), providing additional documentation demonstrating that the subject swabs were made of flocked nylon.

17. On November 17, 2022, Customs denied CAS's request to void the denial of the subject protest, and refused to consider the additional documentation that CAS provided because, in Customs' view, § 1515(d) "is based solely on the information before CBP at the time of the denial of protest."

18. This civil action was timely commenced on November 23, 2022, within 180 days of the subject protest's denial, to contest the denial of the subject protest under 19 U.S.C. § 1515.

19. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(a).

20. CAS is the importer of record of the merchandise in the subject entries identified in the summons, ECF No. 1, and in the subject protest that Customs denied.

21. CAS has standing because it is the importer of record that filed the subject protest under 19 U.S.C. § 1514.

22. All liquidated duties, charges, and exactions were paid prior to the commencement of this action.

23. The subject swabs are of flocked nylon, have plastic shafts, and contain no cotton, and are therefore properly classified under subheading 3926.90.9985, HTSUS.

24. Because the subject swabs are properly classified under subheading 3926.90.9985, HTSUS, the subject swabs are also properly classified under subheading 9903.88.15, HTSUS.

**PRAYER FOR RELIEF**

CAS respectfully requests that this Court enter judgment for CAS and against the United States; determine that the subject merchandise is properly classified under subheadings 3926.90.9985 and 9903.88.15, HTSUS; overrule Customs' denial of the subject protest; order Customs to reliquidate the subject entries and refund all excess duties, charges, and exactions paid, with interest as provided by law; award CAS its costs and attorneys' fees; and grant such other and further relief as this Court deems appropriate.

Dated: November 24, 2026

Respectfully submitted,

/s/ Luke Mathers
Luke Mathers
**SANDLER, TRAVIS & ROSENBERG, P.A.**
286 Madison Avenue, Suite 1200
New York, New York 10017
(212) 549-0160
lmathers@strtrade.com